UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>    Plaintiff,<br><br>        v.<br><br>RON DAVIS, et al.,<br><br>    Defendants. | Case No. 20-CV-04023-LHK<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, seeking damages for alleged civil rights violations ("Complaint"). *See* Dkt. No. 1. Specifically, plaintiff alleged that he was deprived of a visit from his daughter on Father's Day and that this deprivation was retaliation for plaintiff's refusal to go through an x-ray security machine. *See* Compl. at 4. Plaintiff alleged that various defendants withheld information from him in retaliation for plaintiff's inmate grievance regarding the withheld Father's Day visit. *See id*. at 18-19. Plaintiff claimed that these retaliatory acts violated the First Amendment, *see id*. at 4, violated his right to equal protection under the Fourteenth Amendment, *see id*. at 39, were the result of improper training, *see id*. at 44, and were intended to inflict emotional distress, *see id*. at 45. Plaintiff sued seventy defendants for these alleged wrongs. *See id*. at 5-7.

Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2. For the reasons stated below, the Court orders plaintiff to show cause why his motion for leave to proceed IFP should not be denied, and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion to show that section 1915(g) does not bar pauper status in this case. *Id. Andrews* implicitly allows the court to raise the section 1915(g) problem *sua sponte*, but requires the court to notify the prisoner of the earlier dismissals it considers support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his

2

Case No. 20-CV-04023-LHK
ORDER TO SHOW CAUSE

United States District Court
Northern District of California

claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in plaintiff's prior prisoner actions reveals that he has had at least three cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the Court believes the following federal district court dismissals may be counted as dismissals for purposes of section 1915(g):

1. *Johnson v. Sisto*, No. 08-CV-1962-RRC (E.D. Cal. dismissed July 26, 2010) (dismissed for failure to state a claim);

2. *Johnson v. Cal. Prison Industry Authority*, No. 11-CV-0164-CKD (E.D. Cal. dismissed Feb. 1, 2012) (dismissed for failure to state a claim, in part with leave to amend, and in part without leave to amend because entity's immunity defense was apparent on the face of the complaint; ultimately dismissed for failure to file an amended complaint); and

3. *Johnson v. Chudy*, No. 14-CV-4958-JST (N.D. Cal. dismissed June 28, 2017)[1] (dismissed for failure to state a claim where complaint was time-barred on its face).

The Court has evaluated each of these cases based on their dismissal orders. *See Andrews*, 398 F.3d at 1120. Under precedent from the United States Court of Appeals for the Ninth Circuit, each dismissal counts as a strike. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011) (dismissal for failure to state a claim constitutes a strike); *Harris v. Harris*, 935 F.3d 670, 676 (9th Cir. 2019) ("[T]here are rare cases where an affirmative defense, such as immunity, may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim."); *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (where complaint is dismissed with leave to amend, and prisoner fails to amend, the dismissal counts as a strike); *Belanus v. Clark*, 796 F.3d 1021, 1025-30 (9th Cir. 2015) (where complaint is time-barred on its face, the dismissal counts as a strike).

---

[1] This case has also been published as "*Johnson v. Thuddy*." *See* No. 14-CV-04958-JST (PR), 2015 WL 1792306, at *1 (N.D. Cal. Apr. 17, 2015).

3

Case No. 20-CV-04023-LHK
ORDER TO SHOW CAUSE

In addition, it is apparent that plaintiff is not entitled to proceed under the imminent danger exception, because plaintiff faces no imminent danger that bears a nexus to the wrongs alleged in the Complaint. The danger faced by the plaintiff must be "clearly related to [the] initial complaint." *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (discussing nexus requirement). "[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception . . . ." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). The Ninth Circuit has recognized that the imminent danger must be sufficiently "related to" a claim in the complaint for the imminent danger exception to apply. *See Williams*, 775 F.3d at 1190 (finding plaintiff's allegations of ongoing danger – threats to her safety by other inmates – "clearly related to her initial complaint" regarding rumors started by defendants). Here, plaintiff claims that he was prevented from seeing his daughter on Father's Day as an act of retaliation, and that information is being withheld from him in retaliation. *See generally*, Compl. As this does not place plaintiff in any danger, plaintiff plainly does not qualify for the imminent danger exception.

In light of plaintiff's strikes, and because plaintiff is not under imminent danger of physical injury, *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007), plaintiff is ORDERED TO SHOW CAUSE in writing no later than <u>thirty (30) days</u> from the date of this order why his motion for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If plaintiff is so inclined, he may avoid dismissal by paying the $400.00 filing fee. In any event, the Court will continue to review under section 1915(g) all future actions filed by plaintiff while he is incarcerated and in which he seeks IFP status.

<u>Failure to file a timely response or failure to pay the full filing fee will result in the dismissal of this action without further notice to plaintiff.</u>

**IT IS SO ORDERED.**

DATED: September 8, 2020

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE